IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

ALVIN DARRELL SMITH,                    :
                                        :
          Plaintiff                     :        CIVIL NO. 3:CV-15-1672
                                        :
     v.                                 :        **FILED**
                                        :        (Judge Conaboy) **SCRANTON**
                                        :
U.S. ATTORNEY GENERAL, ET AL.,          :        NOV 0 5 2015
                                        :
          Defendants                    :
                                                 PER _____ CTC
                                                 DEPUTY CLERK

**MEMORANDUM**
**Background**

This pro se civil rights action was filed by Alvin Darrell
Smith, an inmate presently confined at the Allenwood United States
Penitentiary, White Deer, Pennsylvania (USP-Allenwood).   The
Plaintiff has also submitted a request for leave to proceed in
forma pauperis.   The Complaint is currently before the Court for
preliminary screening pursuant to 28 U.S.C. § 1915(e)(2)(b).   For
the reasons that follow, Plaintiff's action will be dismissed
without prejudice and he will granted opportunity to submit an
amended complaint.

Named as Defendants are former United States Attorney General
Eric Holder; Chairman Issac Fulwood, Commissioner Patricia Coshwa
and Examiners Lynn Jenkins, Mark Hammer, and Paul Howard of the
United States Parole Commission (Parole Commission); Director

1

Charles Samuels of the Federal Bureau of Prisons (BOP); and the Mayor of Washington, D.C.  Plaintiff is also proceeding against the following USP-Allenwood officials: Warden Donna Zickefoose; Psychologist Doctor C. Morris; Counselor L. Nylon; Treatment Specialists Divens, Paul Kile, and Reeves; Unit Manager A. Farley; Mail Room Clerks Yocum and Ortiz as well as Case Managers T. Burke, A. Dewalt.

Smith indicates that he was convicted of second degree murder in the Superior Court for the District of Columbia.  Plaintiff describes his crime as being accidental murder.  According to the Complaint, which is at times illegible and difficult to decipher, Plaintiff alleges that although Defendants contend that he is serving a life sentence, he was only given an 11 year term of imprisonment on a first time crime of violence offense.[1]  See Doc. 1, ¶ IV, p. 6. Plaintiff adds that there were no sentence enhancements or mandatory minimums in his case.  Smith also notes that he was not on probation or parole at the time of sentencing and that both the minimum and maximum terms of his sentence have now passed.  See id. at p. 7.

Plaintiff concludes that Defendants have "mis-construed my sentence to hold me in prison unlawfully."  Id.  As a result, Smith has allegedly been denied good conduct time and the ability to

---

[1]  The Plaintiff also states that he is serving an 11 year to life term of imprisonment but the life term is non-activated.

2

participate in treatment programs.[2]  Plaintiff seeks his immediate

mandatory release from prison as well as compensatory and punitive

damages.  See id. at p. 16.

## Discussion

When considering a complaint accompanied by a motion to

proceed in forma pauperis, a district court may rule that process

should not issue if the complaint is malicious, presents an

indisputably meritless legal theory, or is predicated on clearly

baseless factual contentions.  Neitzke v. Williams, 490 U.S. 319,

327-28 (1989), Douris v. Middleton Township, 293 Fed. Appx. 130,

132 (3d Cir. 2008).  Indisputably meritless legal theories are

those "in which either it is readily apparent that the plaintiff's

complaint lacks an arguable basis in law or that the defendants are

clearly entitled to immunity from suit ... ."  Roman v. Jeffes, 904

F.2d 192, 194 (3d Cir. 1990) (quoting Sultenfuss v. Snow, 894 F.2d

1277, 1278 (11th Cir. 1990)).

## Habeas Corpus

The Complaint includes factual assertions that Smith is being

improperly confined.  In addition, as partial relief, Plaintiff

indicates that he is seeking his immediate release.  See Doc. 1, p.

16.  It is well-settled that inmates may not use civil rights

actions to challenge the fact or duration of their confinement or

---

[2]  Plaintiff admits that he previously filed a habeas corpus
petition, Smith, Civil No. 3:CV-14-597 regarding his instant
allegations which is presently pending before this Court.

to seek earlier or speedier release.  <u>Preiser v. Rodriguez</u>, 411 U.S. 475 (1975).  The United States Court of Appeals for the Third Circuit has similarly recognized that civil rights claims seeking release from confinement sounded in habeas corpus.  <u>See</u> <u>Georgevich v. Strauss</u>, 772 F.2d 1078, 1086 (3d Cir. 1985).

In <u>Edwards v. Balisok</u>, 520 U.S. 641, 646 (1997), the United States Supreme Court concluded that a civil rights claim for declaratory relief "based on allegations ... that necessarily imply the invalidity of the punishment imposed, is not cognizable" in a civil rights action.  <u>Id</u>. at 646.  Pursuant to the standards announced in <u>Georgevich</u> and <u>Edwards</u>, Plaintiff's present claims of illegal confinement and his request to be released are not properly raised in a civil rights complaint.  However, any such claims which have been included in Smith's pending federal habeas corpus petition before this Court will be addressed in that proceeding.

**Heck**

In <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994), the Supreme Court ruled that a constitutional cause of action for damages does not accrue "for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid," until the plaintiff proves that the "conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus."  <u>Id</u>. at 486-

4

87.

Based on the nature of Plaintiff's allegations, a finding in his favor would imply the invalidity of his ongoing federal confinement.  There is no indication that Smith has already successfully challenged the computation of the length of his ongoing incarceration.

Consequently, pursuant to Heck, Smith's instant Complaint to the extent that it seeks an award of monetary damages on the basis of illegal confinement is premature because he cannot maintain a cause of action for an unlawful conviction or an excessive imprisonment until the basis for the conviction and imprisonment is overturned.

**Conclusion**

Since Plaintiff's complaint is "based on an indisputably meritless legal theory," it will be dismissed, without prejudice, as legally frivolous.  Wilson, 878 F.2d at 774.  Under the circumstances, the court is confident that service of process is not only unwarranted, but would waste the increasingly scarce judicial resources that § 1915 is designed to preserve.  See Roman, 904 F.2d at 195 n. 3.

Finally, although there are no mail interference claims set forth in the statement of claim portion of the Complaint, Plaintiff's prayer for relief indicates that USP-Allenwood officials, including many individuals who are not named as Defendants, have interfered with his mail and his personal legal

5

documents.

If Plaintiff wishes to pursue such claims, he may file a a proposed amended complaint solely regarding those allegations within fourteen (14) days of the date of this Memorandum.[3]  The proposed amended complaint should name as defendants those prison officials who were personally involved with the alleged interference with his mail and personal legal property.  Moreover, any such allegations should be set forth in a manner which gives those individual defendants proper notice of the basis for his claims.  An appropriate Order will enter.

S/Richard P. Conaboy
RICHARD P. CONABOY
United States District Judge

DATED: NOVEMBER 5 , 2015

---

[3] Of course, Plaintiff if he so chooses may alternatively initiate a new action regarding any constitutional misconduct which occurred at USP-Allenwood, including mail interference and withholding or destruction of his personal legal materials within the applicable limitations period.